FILED
United States Court of Appeals
Tenth Circuit

July 18, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

KARLIEN RICHEL WINBERG,

     Defendant - Appellant.

No. 15-1323
(D.C. No. 1:14-CR-00160-PAB-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **MORITZ**, Circuit Judges.
_____

Karlien Richel Winberg was charged with conspiracy to commit wire fraud in
violation of 18 U.S.C. § 1349.  She entered into a plea agreement that included a
waiver of her right to appeal.  Following the district court's acceptance of the plea
agreement, she pleaded guilty and was sentenced to 87 months' imprisonment.
Despite her waiver, Ms. Winberg filed an appeal.  The government now moves to

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived [her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Ms. Winberg's appointed counsel filed a response to the government's motion pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that "[t]here is no argument available that one of the three exceptions to the appeal waiver occurred" and "[t]here is no argument available that the sentence imposed was procedurally or substantively unreasonable." Aplt. Resp. at 3. In light of counsel's *Anders* response, Ms. Winberg was permitted to file a pro se response, which focuses on her inability to challenge the effective assistance of her counsel if the waiver is enforced.

Our independent review confirms that Ms. Winberg's plea agreement is enforceable. The plea agreement contains three exceptions to the appeal waiver, none of which apply under the circumstances: she did not receive a sentence exceeding the statutory maximum penalty; the district court did not depart or vary upwardly from the applicable sentencing guideline range; and the court did not determine and impose a sentence based on an offense level greater than 28. The plea agreement clearly sets forth the waiver, stating that it was knowing and voluntary; the district court confirmed Ms. Winberg's understanding of her appeal waiver during

- 2 -

her change of plea hearing; and we see no evidence contradicting Ms. Winberg's knowing and voluntary acceptance of the appeal waiver. Finally, there is no indication that enforcing the waiver would result in a miscarriage of justice as defined in *Hahn*, 359 F.3d at 1327.

Ms. Winberg's pro se response focuses on challenging the fact that the appeal waiver prevents her from bringing a claim of ineffective assistance of counsel on direct appeal. This issue is within the scope of the waiver. We note, however, that challenges to effective assistance of counsel "should be brought in collateral proceedings, not on direct appeal." *United States v. Holloway*, No. 14-4164, __ F.3d __, 2016 WL 3397482, at *3 (10th Cir. June 20, 2016) (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc)). Though Ms. Winberg's plea agreement also contains a waiver of collateral review, the collateral-review waiver makes an exception for a claim of ineffective assistance of counsel raised on collateral review. Mot. to Enforce, Attach. 1 at 3. In other words, the plea agreement does not preclude Ms. Winberg from challenging the effective assistance of counsel on collateral review.

The motion to enforce the plea agreement is granted, and the appeal is dismissed. Ms. Winberg's April 1 motion to appoint a new attorney is denied. The May 24 motion to amend the pro se response is granted, but the remainder of the

relief requested in that motion—to appoint an attorney and dismiss the government's motion—is denied.  Finally, counsel's motion to withdraw is granted.

Entered for the Court
Per Curiam